UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

U.S. BANK NATIONAL ASSOCIATION,
    Plaintiff,

v.

MARGARETTE CHARLES, et al.,
    Defendants.

No. 3:18-cv-01171 (SRU)

## ORDER ON MOTION TO REMAND TO STATE COURT

The court has reviewed Plaintiff U.S. Bank National Association's Motion to Remand to state court. Because there is no federal question raised in the complaint, remand is appropriate.[1] I therefore grant U.S. Bank National Association's motion and remand this case to state court.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, "any civil action brought in a State court of which the district courts of the United Sates have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Supreme Court has held, however, that "the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (internal citation

---

[1] 28 U.S.C § 1332 provides for original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. To the extent that a diversity jurisdiction argument is implied in the Notice of Removal, defendants cannot remove to federal court based on diversity because defendants are citizens of Connecticut. *See* 28 U.S.C. § 1441(b).

and quotation omitted). Removal cannot be based on a federal claim raised in a cross-claim or counterclaim. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).

U.S. Bank National Association does not raise a federal question in the complaint. Instead, the complaint is based upon state law claims relating to eviction.

Therefore, U.S. Bank National Association's Motion to Remand is granted.[2] The clerk shall effect the remand and close the case.

Dated at Bridgeport, Connecticut, this 19th day of July 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

---

[2] Although the removal was based on federal question jurisdiction, to the extent that there is a judgment in state court, this court does not have subject-matter jurisdiction to hear the appeal based on the *Rooker-Feldman* doctrine. *See Lance v. Dennis*, 546 U.S. 459, 460 (2006).